GEORGE W. DAVIS, Respondent, *v.* JAMES V. S. DAVIS, Appellant.

*Conversion of clams planted by a third person in Jamaica bay on land leased by the State to one who had not staked it out — the lessee may remove, but cannot appropriate, the clams.*

Where the State of New York leases a plot of land under the waters of Jamaica bay for the purpose of the cultivation of shell fish and, before the land has been staked out as required by the lease, a third person, in ignorance of the existence of the lease, plants a quantity of clams upon the plot, the lessee may remove them or compel the third person to remove them, but he has no right to appropriate them to his own use.

APPEAL by the defendant, James V. S. Davis, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered on the 20th day of February, 1902, upon the decision of the court.

*Fred L. Gross* and *John H. Steenwerth,* for the appellant.

*William R. Wilson,* for the respondent.

WILLARD BARTLETT, J.:

On January 9, 1900, the State of New York, acting through the Commissioners of Forest, Fish and Game, leased to the defendant a plot of about nine acres of land under water in Jamaica bay, for the purpose of shellfish cultivation. The lease provided that the lessee should at once cause the said ground to be plainly marked by stakes, buoys, ranges or monuments. In April, 1900, there being at that time no visible stakes or monuments to indicate the lessee's right of possession, the plaintiff, who was then ignorant of the defendant's lease or claim to any right of possession on his part, planted a quantity of clams upon this plot. In December of the same year the defendant removed nineteen and a half bushels of the clams thus planted, and converted them to his own use. It is for this conversion that the defendant has been held liable in the present action. •

The proof was conflicting upon two points: *First,* as to whether there were any stakes or monuments indicating that the ground had

SECOND DEPARTMENT, MAY TERM, 1902.          [Vol. 72.

been leased to the defendant at the time when the plaintiff deposited his clams thereon; and *second,* as to whether the plaintiff had been informed of the defendant's claim of title at the time when the clams were deposited. Upon the evidence, however, considered as a whole, the Municipal Court judge was authorized to find the facts as I have stated them.

Under these circumstances the defendant had no right to appropriate the clams. They were the property of the plaintiff, notwithstanding their deposit upon land under water which did not belong to him. (*McCarty* v. *Holman,* 22 Hun, 53.) While the plaintiff might have been compelled to remove the clams, and while the defendant under his lease might have removed them himself, the fact that they had been placed on a lot leased to the defendant by a person who neither knew of the lease nor was chargeable with any knowledge of it, did not forfeit his property in the shellfish or justify the lessee in appropriating the clams to his own use. (*Sutter* v. *Van Derveer,* 47 Hun, 366, 370.)

The case differs materially from *Rexroth* v. *Coon* (15 R. I. 35), cited in behalf of the appellant. There Rexroth had placed a bee-hive in woods belonging to Green. A swarm of bees found their way into this hive and were discovered there by Coon, who carried away the bees and the honey which they had produced. In an action of trover by Rexroth against Coon it was held that Rexroth could not recover, because the plaintiff, being a trespasser upon the lands of Green, had not established any title in himself, coupled with possession or the right of immediate possession. The case is quite distinguishable from the case at bar. Rexroth knew that he was a trespasser, and the property sought to be recovered — to wit, the bees and the honey — had never been in the possession of the plaintiff, and, therefore, could not be deemed to be his property. In fact, the plaintiff never knew that the swarm had occupied the hive until after the defendant had taken the bees and honey away.

The judgment below was right and should be affirmed.

All concurred.

Judgment of the Municipal Court affirmed, with costs.