INGRAHAM, LAUGHLIN, and HOUGHTON, JJ., concur. SCOTT, J., dissents.

---

## GRAHAM v. PURCELL.

(Supreme Court, Appellate Division, Second Department.   May 1, 1908.)

1. TROVER AND CONVERSION—PROPERTY SUBJECT OF CONVERSION.
    Sand taken from its bed is a subject of conversion, unless it thereafter becomes realty which does not occur where it is placed on land merely for storage.

2. SAME—ACTS CONSTITUTING CONVERSION—DEMAND.
    Plaintiff placed sand for storage on the land of another without permission. The latter did not treat the sand as realty, and sold the land to a purchaser, who sold and delivered the sand as personalty, on the theory that he owned it because he had purchased the land with the sand on it. Held that, in the absence of unequivocal, cogent, and decisive proof of plaintiff's abandonment of the sand, plaintiff was entitled to maintain an action against the purchaser of the land for conversion without a previous demand, though the purchaser was ignorant of plaintiff's ownership, or honestly believed that he was the owner.

3. ABANDONMENT—EFFECT.
    Where the owner of a thing abandons it, one who thereafter gains possession becomes the owner.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abandonment, § 11.]

4. TROVER AND CONVERSION—ACTS CONSTITUTING CONVERSION.
    Plaintiff placed sand for storage on the land of another. The latter did not treat the sand as realty, and sold the land to a purchaser, who sold the sand to a third person. The third person had knowledge of plaintiff's assertion of ownership, but dealt with the purchaser on the theory that the latter owned the sand, because plaintiff had deposited it on the land. Held, that plaintiff was entitled to maintain an action for conversion against the third person.

5. SAME—RIGHT TO PROPERTY.
    One committing a trespass on the land of another while placing sand thereon is not thereby devested of his property in the sand, nor deprived of his right to maintain an action for conversion thereof.

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by James P. Graham against James Purcell and another. From a judgment of dismissal as to defendant Abrams, and from a

judgment for defendant Purcell, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, and MILLER, JJ.

James P. Kohler (Benjamin F. Norris, on the brief), for appellant.
Edwin C. Low (Alfred Pagelow, on the brief), for respondent.

JENKS, J. The plaintiff placed a quantity of his building sand upon the land of Meeks without permission from Meeks. Meeks sold the land with the sand upon it to Abrams. Abrams sold and delivered the sand to Purcell. This action is against Abrams and Purcell for conversion. The court dismissed the case as to Abrams at the close of plaintiff's case, and at the close of the whole case gave judgment for Purcell. The plaintiff appeals.

I think that the court erred in each disposition. As this sand had been taken from its bed, it was a subject of conversion (Land & Gravel Co. v. Commission Co., 138 Mo., at page 444, 40 S. W. 93, 36 L. R. A. 804, 60 Am. St. Rep. 560) unless it thereafter became realty. The sand upon this land could not be regarded as realty, for it is clear that it was not put down for the improvement or change of the soil, but merely for storage. There is no proof that Meeks ever regarded or treated the sand as annexed, and there is proof that Abrams did not, inasmuch as he sold it as personal property on the avowed theory that he owned it, because he had bought the land with this sand upon it. As Abrams sold and delivered the sand, it was immaterial that he was ignorant of the plaintiff's ownership or honestly believed that he himself was the owner thereof. Pease v. Smith, 61 N. Y. 477. And no demand upon Abrams was necessary, inasmuch as he sold and delivered up the sand to the purchaser. Id.; Glassner v. Wheaton, 2 E. D. Smith, 352.

Of course, the owner of a thing may abandon it, and he who gains possession thereof may thereupon become the owner of it. So it is entirely possible that the plaintiff might deposit sand upon the land of another, and by his conduct thereafter justify the owner of the land in the belief that the ownership had been abandoned, that he thereupon was clothed with ownership, and therefore was entitled to dispose of it. But the proof as to abandonment thereof must be unequivocal, cogent, and decisive; and such proof was not presented in this case. As to Purcell it is established clearly that he knew, when he bought and took away the sand, that the plaintiff asserted his ownership thereof. But Purcell turned his back on the plaintiff and dealt with Abrams on the theory that the latter owned the sand because the plaintiff had deposited it on the land. See Babcock v. Gill, 10 Johns. 287.

It matters not if the plaintiff trespassed when he placed the sand upon the land, for that wrong neither divested him of his property nor deprived him of his right to recover it or its value by legal proceedings. Davis v. Davis, 72 App. Div. 593, 76 N. Y. Supp. 539.

The judgment is reversed, and a new trial is ordered; costs to abide the event. All concur.